[Cite as *State v. Smith*, 2018-Ohio-3702.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| JONATHAN Q. SMITH | : | Case Nos. CT2017-0062 |
| | : | CT2017-0063 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                  Pleas, Case Nos. CR2016-0391 and
                                  CR2017-0022



JUDGMENT:                         Affirmed




DATE OF JUDGMENT:                 September 13, 2018




APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

GERALD V. ANDERSON, II                    ERIC J. ALLEN
27 North Fifth Street                     4605 Morse Road
P.O. Box 189                              Suite 201
Zanesville OH  43702-0189                 Gahanna, OH  43230

*Wise, Earle, J.*

{¶ 1}  Defendant-Appellant, Jonathan Q. Smith, appeals his May 16, 2017 sentencing by the Court of Common Pleas of Muskingum County, Ohio.  Plaintiff-Appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On March 28, 2017, appellant pled guilty to two counts of trafficking in drugs in violation of R.C. 2925.03, one count of illegal manufacture of drugs in violation of R.C. 2925.04, and one count of having weapon while under disability in violation of R.C. 2923.13 (Case No. CR2016-0391).  By entry filed May 16, 2017, the trial court sentenced appellant to an aggregate term of eleven years in prison as the prison terms imposed were ordered to be served concurrently.

{¶ 3}   Also on March 28, 2017, appellant pled guilty to one count of trafficking in drugs in violation of R.C. 2925.03 (Case No. CR2017-0022).  By entry filed May 16, 2017, the trial court sentenced appellant to ten years in prison, to be served consecutively to the prison term imposed in Case No. CR2016-0391, for an aggregate term of twenty-one years in prison.

{¶ 4}   Appellant filed an appeal in each case and this matter is now before this court for consideration.  The assignments of error are identical in each case:

I

{¶ 5}  "THE RECORD IN THIS MATTER DOES NOT SUPPORT THE IMPOSITION OF CONSECUTIVE SENTENCES PURSUANT TO STATE LAW R.C. 2929.14."

II

{¶ 6}  "THE IMPOSITION OF CONSECUTIVE SENTENCES VIOLATES THE APPELLANT'S EIGHTH AMENDMENT RIGHT AGAINST CRUEL AND UNUSUAL PUNISHMENT APPLICABLE TO THE STATE OF OHIO BY THE FOURTEENTH AMENDMENT."

{¶ 7}  At the outset, we note the trial court imposed concurrent sentences in Case No. CR2016-0391.  Therefore, Assignment of Error I does not pertain to App. No. CT2017-0062 and is denied.  We will proceed with a review of the imposition of consecutive service under Case No. CR2017-0022, App. No. CT2017-0063, and the claim of cruel and unusual punishment as a result of the consecutive nature of the two cases.

I

{¶ 8}  Appellant claims the record does not support the imposition of consecutive service under R.C. 2929.14.  We disagree.

{¶ 9}  R.C. 2953.08 governs appeals based on felony sentencing guidelines. Subsection (G)(2) sets forth this court's standard of review as follows:

(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing.  The

appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶ 10} "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶ 11} R.C. 2929.14(C)(4) governs consecutive sentencing and states the following:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness

of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 12} In its May 16, 2017 entry on sentencing in Case No. CR2017-0022, the trial court noted that it considered the factors under R.C. 2929.11 and 2929.12, and sentenced appellant to ten years in prison. The trial court ordered that the ten year sentence be served consecutively to the sentence imposed in CR2016-0391 (aggregate eleven years), for a total aggregate term of twenty-one years in prison. The trial court went on to state the following:

Pursuant to ORC §2929.14(C)(4), the Court further found that the imposition of consecutive sentences are necessary to protect the public from future crime or to punish the Defendant, and that consecutive sentences are not disproportionate to the seriousness of the Defendant's conduct, and to the danger the Defendant poses to the public.

At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the Defendant's conduct.

The Defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 13} During the sentencing hearing held on May 15, 2017, the trial court noted the following (T. at 17-19):

In 1994, you were convicted of felonious assault when you and another gentleman got in a fight and you ended up shooting him in the leg. In 2014, you were convicted in Federal Court of two counts of conspiracy to possess with intent to distribute cocaine, Class C felony, which carries up to 20 years of imprisonment and a one million dollar fine.

You were still on probation for that case at the time you committed the offenses in this case.

\* \* \*

It's your history.  You haven't corrected your history since then.

{¶ 14} Upon review, we find the trial court properly considered the mandates of R.C. 2929.14(C)(4) and did not err in imposing consecutive sentences.

{¶ 15} Assignment of Error I is denied.

II

{¶ 16} In his second assignment of error, appellant claims the imposition of consecutive service violates his Eighth Amendment right against cruel and unusual punishment.  We disagree.

{¶ 17} The Eighth Amendment to the United States Constitution states: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."  *Accord* Article I, Section 9, Ohio Constitution.  The Eighth Amendment "prohibits not only barbaric punishments, but also sentences that are disproportionate to the crime committed."  *Solem v. Helm,* 463 U.S. 277, 284, 103 S.Ct. 3001, 77 L.Ed.2d 637.  It is well established that sentences do not violate the constitutional provisions against cruel and unusual punishment unless the sentences are "so disproportionate to the offense as to shock the moral sense of the community." *McDougle v. Maxwell,* 1 Ohio St.2d 68, 69, 282 N.E.2d 46 (1972).  "As a general rule, a sentence that falls within the terms of a valid statute cannot amount to a cruel and unusual punishment."  *Id.  Accord State v. Stevens*, 5th Dist. Stark No. 2017CA00024, 2017-Ohio-

8692, ¶ 10.  In *State v. Hairston,* 118 Ohio St.3d 289, 2008-Ohio-2338, 888 N.E.2d 1073, syllabus, the Supreme Court of Ohio held: "Where none of the individual sentences imposed on an offender are grossly disproportionate to their respective offenses, an aggregate prison term resulting from consecutive imposition of those sentences does not constitute cruel and unusual punishment."

{¶ 18} In both of these cases, each of appellant's individual sentences is within the range authorized under R.C. 2929.14.  We reach the same conclusion as the *Hairston* court did at ¶ 23: "Because the individual sentences imposed by the court are within the range of penalties authorized by the legislature, they are not grossly disproportionate or shocking to a reasonable person or to the community's sense of justice and do not constitute cruel and unusual punishment."

{¶ 19} Assignment of Error II is denied.

{¶ 20} The judgments of the Court of Common Pleas of Muskingum County, Ohio are hereby affirmed.

By Wise, Earle, J.

Hoffman, P.J. and

Baldwin, J. concur.

EEW/db 830